UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AL-MAHDI FARAD MOHAMMED,
Plaintiff,

vs.

VERST GROUP LOGISTICS, INC.,
Defendant.

Case No. 1:16-cv-333
Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

This matter is before the Court on defendant's Motion to Strike/Motion to Dismiss Plaintiff's Complaint (Doc. 16) and plaintiff's opposing memorandum (Doc. 17).

Plaintiff Al-Mahdi Farad Mohammed filed his original pro se complaint on February 29, 2016, against defendant Verst Group Logistics, Inc. (Doc. 3). Defendant filed and served its answer to the complaint on April 4, 2016. (Doc. 8). On April 27, 2016, plaintiff filed a second "Complaint" with the Court. (Doc. 11). Defendant filed its motion to strike/dismiss that complaint, which it construes as an amended complaint, on May 23, 2016. (Doc. 16). Defendant moves the Court to strike the amended complaint on the ground plaintiff did not obtain defendant's consent or leave of Court to file an amended complaint under Fed. R. Civ. P. 15(a)(2). In the alternative, defendant moves the Court to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**I. Motion to strike**

Pursuant to Fed. R. Civ. P. 15(a), a party may amend his complaint once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). If these

circumstances are inapplicable, a party "may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(1)(2).

Rule 15(a)(1) applies here. Defendant served its answer and an amended answer on April 4, 2016. (Docs. 6, 8). Plaintiff filed his amended complaint on April 27, 2016. (Doc. 11). This was within 21 days after service by mail as computed under Fed. R. Civ. P. 6 ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) [mail]. . ., 3 days are added after the period would otherwise expire under Rule 6(a)."[1] Thus, plaintiff was not required to obtain defendant's consent or move for leave of Court to file his amended complaint. The Court therefore will not strike the amended complaint as having been filed in violation of Fed. R. Civ. P. 15(a).

**II. Motion to dismiss**

Defendant argues that the Court must dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim to relief that it plausible on its face. (Doc. 16 at 3). Defendant contends that that the amended complaint includes only two factual allegations related to racial discrimination, and neither of those allegations are sufficient to support a claim of race discrimination against it.

Defendant has not cited any substantive law in support of its argument that plaintiff has failed to state a claim for race discrimination against it as required under the Local Rules of this Court. *See* S.D. Ohio Civ. R. 7.2 ("All motions and applications tendered for filing shall be accompanied by a memorandum in support thereof that shall be a brief statement of the grounds, with citation of authorities relied upon."). Further, the Court disagrees with defendant's contention that it has no connection with the allegations of race discrimination made in the

---

[1] Rule 6(a) sets forth the rules for computing any time period set forth in the Federal Rules.

2

amended complaint. Liberally construing the allegations of the amended complaint, plaintiff alleges that defendant discriminated and retaliated against him by terminating his employment two days after the April 15, 2015 racially-motivated incident that plaintiff describes in the amended complaint. Accordingly, defendant has not shown that the amended complaint should be dismissed for failure to include any allegations related to it and to state a claim for relief against it.

## IT IS THEREFORE ORDERED THAT:

1. Defendant's motion to strike plaintiff's amended complaint from the docket is **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

2. Defendant's motion to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) be **DENIED**.

Date: 8/12/16

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

AL-MAHDI FARAD MOHAMMED,
    Plaintiff,

vs.

VERST GROUP LOGISTICS, INC.,
    Defendant.

Case No. 1:16-cv-333
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).